DETERMINED IN THE

# SUPREME COURT

OF THE

# STATE OF NEVADA,

APRIL TERM, 1870.

---

ADAM GERHAUSER, Respondent, v. THE NORTH BRIT-
ISH AND MERCANTILE INSURANCE COMPANY,
Appellant.

CONDITION INDORSED ON INSURANCE POLICY. Where a condition indorsed on a
policy of insurance provided that in case the insured committed fraud in the
claim made for a loss, or made a false declaration or affirmation in support
thereof, he should forfeit all benefit under the policy, and under any other
policy granted him by the company on other property: *Held*, that such con-
dition was to be construed as an express part of the contract.

INSURANCE—FRAUD—QUESTIONS OF LAW AND FACT. Where a contract of insur-
ance provided that fraud in a claim made under it for a loss, or a false declar-
ation or affirmation in support thereof, should forfeit all benefit under the
-policy: *Held*, that whether there was such fraud, or false declaration or af-
firmation, was a matter for the jury to decide under proper instructions of
the Court.

MODIFICATION OF INSTRUCTIONS. In a suit on two policies of insurance, an in-
struction was asked to the effect that if the jury found that insured, in giving
an account of his loss as required by a condition indorsed on the second policy,
was guilty of fraud (which fraud was to forfeit all benefit under both policies)
they should find for defendant; and the Court modified the instruction by
striking out "you must find for defendant," and substituting "the policy can
for that reason be vitiated": *Held*, that the modification was error, as it

destroyed the force of a correct instruction, rendered vague what before was clear, and confined the effect of a violation of the condition to one policy alone.

Appeal from the District Court of the First Judicial District, Storey County.

The policies of insurance upon which suit was brought were issued in March, 1868, upon a brick building in Virginia City and certain furniture, bedding and merchandise. A fire occurred in November, 1868, by which the building and merchandise were totally destroyed, and the furniture and bedding damaged and in part destroyed. Other facts are stated in the opinion.

*Williams & Bixler,* for Appellant.

I. In making a statement of his losses, as provided in the eleventh subdivision of the conditions indorsed on the policies sued on, the plaintiff was guilty of fraud in the claim made for his loss, and also of false declaring in support thereof. (*Levy* v. *Bailie,* 7 Bing. 349; 3 Greenleaf on Ev., Secs. 13 and 14.)

II. The Court erred in modifying plaintiff's instruction by striking out the words " you must find for the defendant," and inserting in lieu thereof " the policy can be for that reason vitiated." The body of the instruction as offered followed the language of the eleventh condition indorsed on the policy, and was therefore correct that far. If plaintiff had been guilty of fraud in making his claim, or false swearing in support of it, the jury were bound to find for the defendant. Yet the Court refused so to instruct them. Further, the modification confined the consequences of the fraud, or false swearing, to the policy with reference to which it was made, while the contract of the parties extended them to all policies issued by the defendant. The instruction should have been given as asked. It was clear, unmistakable language, and the Court had no right to change it into uncertain and doubtful terms.

III. Defendant's last instruction was in the language of the contract, and was therefore correct. It is no answer to say that the falsehood should have been material, to have warranted the finding

for the defendant. The contract of the parties should be enforced, and the Court had no power by construction to add to, or take from it. (*Kate Healey* v. *Imperial Co.*, 5 Nev. 268; 13 Maine, 265.)

*H. K. Mitchell* and *Aldrich & De Long*, for Respondents.

I. The statement of plaintiff in respect to the occurrence of the fire, and of his losses, was made at the suggestion, and under the direction of the agents of the company, who were sent up to adjust the loss. The only ground upon which it is attacked is, that too high an estimate was placed on the furniture, beds and bedding. It would be strange if such a construction should be placed on condition eleven indorsed on the policy. The true rule is, that any misstatement or false declaration in a material matter, made with intent to defraud, shall deprive the party making it of the benefit of the policy. The plaintiff stated the value to be $6,000, the jury found it $3,000; but the Court will notice that plaintiff qualifies his statement of the value, by the statement that the furniture, etc., including the bar fixtures and furniture of the saloon, had cost that sum, ($6,000) within the last four years. This qualification shows what his idea of value was, and that no fraud was intended. (*Moore* v. *Protection Ins. Co.*, 16 Shipley, 97; Angell on Fire Ins., 316, Sec. 260.)

II. The instructions asked for by defendant were based entirely upon the doctrine that misrepresentation on the part of plaintiff at the time of procuring the policies sued on, or false declaring on his part at the time of making the claim for his loss, absolutely renders void the policies. We contend for a different doctrine, which justifies the refusal and modification of those instructions.

By the Court, WHITMAN, J.:

Respondent brought his action to recover from appellant the sum of twelve thousand dollars, losses by fire, upon two policies of insurance made by appellant to him; one for five thousand dollars, upon his so-called brick building; the other for seven thousand dollars, apportioned, five thousand dollars upon his household furni-

ture, beds and bedding, and two thousand dollars upon his stock of merchandise, all in such building.

One of the issues raised by the answer was, that respondent had violated the provisions of condition eleven of the policy last named, in that he falsely and fraudulently swore, in his notice of loss, to a value much greater than the real value of the household furniture, beds and bedding. The trial resulted in a general verdict for respondent for ten thousand dollars ; the jury specially finding the value of the property abovenamed at three thousand dollars. A motion for new trial was denied, and from the order and the judgment appeal is taken.

Various errors are assigned, but the only one material to notice is the refusal of the District Court to give the instructions asked by appellant, touching the issue referred to. It appeared in evidence, that in his sworn statement of losses respondent placed the value of the household furniture, beds and bedding at six thousand dollars. In his testimony upon the trial he fixed it at about forty-five hundred dollars. There was evidence tending to greatly reduce this estimate. Appellant, thereupon, asked the following instructions :

1st. " If you believe from the evidence that plaintiff made and delivered to the defendant, or its agents, an account of his loss or damage, as required and provided in the eleventh condition indorsed on the second policy of insurance attached to the complaint, and made proof of said account by his declaration or affirmation, and you find that there was fraud in the claim made by plaintiff for such loss, or that he was guilty of false declaring or affirming in support thereof, you must find for the defendant."

2d. " If you believe from the evidence that plaintiff made the proof by his declaration or affirmation, as required in the eleventh condition indorsed on his second policy in his complaint described, and that such declaration or affirmation was false, you will find for the defendant."

The first of these instructions was given with this modification, striking out the words at the end thereof, " you must find for the defendant," and inserting in lieu, " the policy can for that reason be vitated." The second instruction quoted was refused.

Gerhauser *v.* The North British and Mercantile Insurance Co.

The eleventh condition referred to, reads as follows:

11. " All persons insured by this company, sustaining any loss or damage by fire, are immediately to give notice to the company or its agents, and within fourteen days after such loss or damage has occurred, are to deliver in as particular an account of their loss or damage as the nature of the case will admit of, and make proof of the same by their declaration or affirmation, and produce such other evidence as the directors of this company or its agents may reasonably require ; and until such declaration or affirmation, account and evidence are produced, the amount of such loss or any part thereof shall not be payable or recoverable ; and if there should be fraud in the claim made for such loss, or false declaring or affirming in support thereof, the claimant shall forfeit all benefit under this policy ; and any other policy granted to the insured by this company on any other property will be also null and void.    If no claim be made within three months after the fire, the claimant shall forfeit all rights under this policy."

This is one of the conditions upon which the policy was granted, and is to be construed as a part thereof.    If its terms have been violated, then by express agreement both policies in suit became null and void.    Whether there was such violation, was a matter for for the jury to decide under proper instructions.    Those offered by appellant were correct, and should have been given.

The modification of the first entirely destroyed its force.    It rendered that vague which before was clear ; and if taken literally, was erroneous, in that it confined the effect of a violation of the condition to the second policy ; when, such violation being found, it would affect equally both contracts, by virtue of the express terms of such condition.    The refusal to give these instructions was error, entitling appellant to a new trial.    The order denying the same is reversed, and the cause remanded.

By JOHNSON, J., specially concurring :

I agree in the opinion that the District Court erred in the particular matter of modifying the instruction as above shown, and therefore concur in the order reversing the judgment ; but in view

of the probability of a re-trial of the cause, am not satisfied to give indorsement to the correctness of the two instructions above quoted, in the naked form they were offered, which necessarily would be the effect of a general concurrence in the views expressed in the leading opinion.

It is undoubtedly correct to say that the words therein used, "false," "false declaring or affirming," but follow the language contained in the policies, and hence of the contracts between the parties; yet the Court should accompany the instructions with a proper explanation of their legal effect and meaning, so that the jury might not be misled thereby: For it must be conceded, that although the insured makes a sworn exhibit of his losses, as perhaps is the fact in this case, largely in excess of the value, as shown by the weight of evidence, yet if it result from a mere error of judgment in estimating values—is not done with the design and intent to deceive the insurer as to the extent of such losses—it works no forfeiture under the terms of the contract of insurance. (Angel on Life and Fire Insurance, Sec. 260 ; *Levy* v. *Baillie*, 7 Bing. R. 349.) And these are facts peculiarly within the province of a jury. Hence the Court, in its instructions, should be extremely cautious in preserving the distinction which is taken between a statement which may in point of fact not be true, yet in legal contemplation is not "false," which distinction may not at all times occur to jurors in the absence of explanation.